IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CV-896-FL

| | |
|---|---|
| MADAY LIMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER and** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| TERRY STANLEY; MH & WH, LLC; ) | |
| HALLE BUILDING GROUP; WENDY ) | |
| HOWINGTON; and A. HUMPHRIES, Holly ) | |
| Springs Police Department, ) | |
| ) | |
| Defendants. ) | |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) (D.E. 1) by plaintiff Maday Lima ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* Public D.E. dated 24 Dec. 2014).

### *IN FORMA PAUPERIS* MOTION

The court finds that plaintiff has adequately demonstrated her inability to prepay the required court costs. Her motion to proceed *in forma pauperis* is therefore ALLOWED. The Clerk is DIRECTED to file the complaint form (D.E. 1-1) and the exhibits thereto (D.E. 1-2 to D.E. 1-15).

# FRIVOLITY REVIEW

## I. BACKGROUND

### A. Plaintiff's Allegations

Plaintiff's allegations are set out, in part, in an eight-page complaint form (DE. 1-1)[1] completed in handwriting. There is also a five-page typewritten statement, the original attached to the complaint form in Spanish (D.E. 1-3) and a separately filed version in English (D.E. 3) ("Statement"). Thirteen exhibits, including the Spanish version of the Statement, are attached to the complaint form. (D.E. 1-2 through D.E. 1-18).

Plaintiff appears to name as defendants: (1) Terry Stanley ("Stanley"); (2) MH & WH, LLC ("MH & WH"); (3) Wendy H. Howington ("Howington"); (4) Halle Building Group ("Halle"); and (5) A. Humphries ("Humphries"), a patrol sergeant with the Holly Springs Police Department.[2]

Plaintiff alleges as follows:

Plaintiff worked in construction for defendants MH & WH and Halle, two companies she alleges were actually the same company for all intents and purposes. (Stmt. 2). They had a total of about 100 employees. (Compl. Form ¶ 2). During the course of her employment, Howington, the wife of the owner of MH & WH, frequently shorted plaintiff's pay for hours worked, and plaintiff regularly worked 50 to 55 hours a week with no overtime pay. (Stmt. 2).

---

[1] Citation to the complaint form is to the pages assigned by the court's electronic CM/ECF filing system. Pages 3 and 4 of the complaint form are duplicates.

[2] It is not entirely clear which persons plaintiff intends to name as defendants. In the caption of the complaint form, she lists Stanley, MH & WH, Halle, and Humphries (Compl. Form 1), but in the text she also separately names Howington (Compl. Form 2; 3 ¶ 2). Her civil cover sheet identifies only MH & WH and Halle (D.E. 1-16) as defendants, whereas she submitted proposed summonses for MH & WH and Halle (D.E. 1-17) and Howington (D.E. 1-18), but none for Stanley or Humphries. For purposes of this Memorandum and Recommendation, the court assumes she intended to name all of the aforementioned individuals and entities as defendants.

Plaintiff was assigned to work at an apartment complex in Holly Springs as the head of sheetrock and painting. (*Id.*). Her boss informed her that Stanley, the assistant chief superintendent, would be at the complex. (*Id.* at 2-3). Stanley gave plaintiff instructions for the work she was to perform. (*Id.*). A contractor complained to Stanley about plaintiff's work. (*Id.* at 3). Thereafter, starting in mid-January 2013, Stanley began to scold and harass plaintiff regularly, which she found insulting and humiliating. (*Id.*; Compl. Form ¶ 8). Stanley mistreated plaintiff because she is a woman. (Compl. Form ¶ 6(C)).

On 2 May 2013, when plaintiff was standing on a board inspecting a ceiling, the crew leader asked her to come down. (Compl. Form ¶ 8; Stmt. 3, 5). When she did, Stanley began to verbally attack her and reprimanded her for something she did not do. (Stmt. 3). Stanley knew plaintiff has a health condition. (*Id.*). When plaintiff asked Stanley to calm down, he got angrier and grabbed a can of sealer she was holding, removed the cylinder, and threw it at her face. (*Id.* at 4). The sealer hit plaintiff in the arm when she blocked her face. (*Id.*). Plaintiff started crying and left work. (*Id.*). She did not call the police because she did not think they would help her. (*Id.*).

The next day, plaintiff could not make it into work because she was shaking and had not been able to sleep. (*Id.*). She was called at home by the owner of the company and asked why she did not report to work. (*Id.*). She explained that she was upset about Stanley's actions. (*Id.*). The owner, Stanley, and the crew leader made up a lie about the incident, and plaintiff was terminated on or about 12 May 2013. (*Id.*; Compl. Form ¶ 8).

Plaintiff suffered nightmares over her treatment by Stanley. (Stmt. 4). A neighbor took her to the hospital because one side of her body had become paralyzed. (*Id.*). At the hospital, she was advised to file a police report. (*Id.*). The following day, she went to the police station

3
Case 5:14-cv-00896-FL   Document 4   Filed 07/07/15   Page 3 of 14

and was told that the police could not file a report. (*Id.* at 4-5). Plaintiff returned to the police department a second time and again was told that a report could not be filed, but was advised to report her complaints to the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 5).

Plaintiff alleges that as a result of the purported wrongdoing she not only lost her job, but also incurred unpayable medical debt, lost her home, and is disabled from working. (*Id.* at 5-6).

B.   **Litigation History**

Plaintiff submitted a complaint with the EEOC on or about 15 May 2013. (*See* EEOC Det'n Ltr. (D.E. 1-14); Compl. Form ¶ 11). According to the determination letter from the EEOC, the complaint, which plaintiff did not file in this case, was against Halle, and plaintiff claimed a hostile work environment because of her sex, retaliation for complaining about it, and having to resign as a result of the mistreatment. (EEOC Det'n Ltr. 1). Subsequent settlement efforts by the EEOC failed, and it issued plaintiff a right-to-sue letter on 23 September 2014. (*See* Right-to-Sue Ltr. (D.E. 1-15)). Plaintiff received the right-to-sue letter on the date it was issued. (Compl. Form ¶ 11). She commenced this action on 22 December 2014 by filing her motion to proceed *in forma pauperis*.

C.   **Overview of Plaintiff's Claims and Subject Matter Jurisdiction**

Plaintiff expressly alleges that she is asserting claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. (Compl. Form ¶ 3). On these claims, she seeks equitable and other relief under 42 U.S.C. § 2000e-5(g), including recovery of back pay, but not reinstatement to her former job. (*Id.* ¶¶ 3, 12(A)).

Given the liberal interpretation to which they are entitled, plaintiff's allegations can be read as purporting to assert the following additional claims: violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; violation of the North Carolina Wage and

Hour Act ("NCWHA"), N.C. Gen. Stat. § 95–25.1 *et seq*.; assault; battery; and violation of plaintiff's constitutional rights, pursuant to 42 U.S.C. § 1983, for failure to charge Stanley. Plaintiff does not make an express demand for damages relating to these claims.

Plaintiff expressly alleges subject matter jurisdiction for the Title VII claim under 42 U.S.C. § 2000e-5. (Compl. Form ¶ 3). Subject matter jurisdiction over the remaining federal claims, for violation of the FLSA and pursuant to 42 U.S.C. § 1983, would be under 28 U.S.C. § 1331, providing for federal question jurisdiction, and over the remaining state law claims under 28 U.S.C. § 1367, providing for supplemental jurisdiction.

## II. STANDARD OF REVIEW

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness). Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Such baseless claims include those that describe "fantastic or delusional scenarios." *Id*. at 328. Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*,

504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the factual allegations in the complaint must create more than a mere possibility of misconduct. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

### III. ANALYSIS

#### A. Title VII Claims

Title VII prohibits an employer from discriminating against its employees on the basis of the employee's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). "Absent direct evidence, the elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Maryland Court of Appeals,* 626 F.3d 187, 190 (4th Cir. 2010). Title VII also permits the assertion of a claim for a hostile work environment where a plaintiff can show conduct that is "(1) unwelcome, (2) based on [plaintiff's] gender or race, (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive atmosphere, and (4)

imputable to [the employer]." *E.E.O.C. v. Central Wholesalers, Inc.*, 573 F.3d 167, 175 (4th Cir. 2009).

For purposes of this frivolity review, plaintiff adequately alleges against her alleged employers, MH & WH and Halle, the elements of a hostile work environment claim based on her sex. She also adequately alleges against these defendants discriminatory termination based on her sex. While according to the EEOC determination letter plaintiff named only Halle as her employer in her EEOC complaint, it is appropriate to permit her to proceed against both MH & WH and Halle at this early stage of the case. The Fourth Circuit instructs that "EEOC charges must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." *Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 F.2d 457, 460 (4th Cir. 1988). Where there is a substantial identity between named and unnamed defendants, it is appropriate to permit a claim against an unnamed party to go forward. *Alexander v. Diversified Ace Servs. II, AJV*, No. 1:11CV725, 2014 WL 502496, at *8 (M.D.N.C. 7 Feb. 2014) ("Specifically, the Fourth Circuit has allowed Title VII claims to proceed against defendants unnamed in the EEOC charge where the unnamed defendant is identical to the named defendant for purposes of Title VII claims, and where the two purposes of Title VII (that is, notice and an opportunity for voluntary conciliation) are not thwarted."). Here, plaintiff has specifically asserted allegations to the effect that MH & WH is an alter ego of Halle (*see* Stmt. 2), and such allegations are sufficient for her claims against both defendants to survive at this time. *See, e.g., Hammel v. Marsh USA, Inc.*, No. 14-943(CKK), 2015 WL 5255765, at *7 (D.D.C. 10 Feb. 2015) ("Courts have found that a plaintiff can proceed against a party not named in an EEOC charge when 'they have been given *actual notice* of the EEOC proceeding or have an identity of interest with the party or parties sued before the EEOC.'" (quoting *EEOC v.*

*Metzger*, 824 F. Supp. 1, 4 (D.D.C. 1993))); *Grant v. I.N.I. Corp.*, No. 4:11-cv-1499, 2012 WL 486881, at *2 (D.S.C. 26 Jan. 2012) ("Thus, a plaintiff's failure to name a defendant in an EEOC charge does not bar a subsequent suit if 'the purposes of the naming requirement were substantially met,' i.e. if (1) all defendants received fair notice, and (2) the EEOC was able to attempt conciliation with the responsible parties." (quoting *Davis v. BBR Mgmt., LLC,* No. DKC 10-0552, 2011 WL 337342, at *5 (D. Md. 21 Jan. 2011))). Accordingly, these Title VII claims against these defendants should proceed.

To the extent that plaintiff attempts to assert Title VII claims against Stanley or Howington, however, those claims may not proceed because it is "well settled . . . that supervisors are not liable in their individual capacities under . . . Title VII." *Darden v. Cumberland Cmty. Action Program, Inc.*, No. 5:13–CV–311–F, 2013 WL 5494080, at *2 (E.D.N.C. 2. Oct. 2013) (citing *Lissau v. S. Food Servs., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998) ("[S]upervisors are not liable in their individual capacities for Title VII violations.")). Accordingly, any Title VII claims plaintiff purports to assert against Stanley or Howington individually should be dismissed.

### B. FLSA Claims

The FLSA requires covered employers to compensate non-exempt employees for hours worked, including minimum wage and overtime for hours worked in excess of 40 hours per week. 29 U.S.C. § 201 *et seq.* "To state a claim for unpaid overtime wages under FLSA, [a] [p]laintiff must allege (1) that [she] worked overtime hours without compensation; and (2) that the employer knew or should have known that [she] worked overtime but failed to compensate [her] for it." *Sanchez v. Truse Trucking, Inc.*, No. 1:13CV415, 2014 WL 3784109, at *3 (M.D.N.C. 31 July 2014). Here, plaintiff has expressly alleged that MH & WH and Halle

intentionally did not pay her for all of her working hours and that she regularly worked in excess of 40 hours per week without overtime pay. The allegations show that MH & WH and Halle are covered employers and plaintiff a nonexempt employee. Plaintiff's FLSA claims against these defendants should accordingly go forward.

Unlike Title VII, the FLSA does permit the assertion of claims against individual defendants in limited circumstances. Specifically, the FLSA contemplates individual liability for those who possess "extensive managerial responsibilities and 'substantial control of the terms and conditions of the work of [ ] employees.'" *Howard v. Convatec, Inc.*, No. 1:14CV952, 2015 WL 867295, at *3 (M.D.N.C. 2 Mar. 2015) (quoting *Roman v. Guapos III, Inc.,* 970 F. Supp. 2d 407, 416 (D. Md. 2013)). In determining if an individual qualifies as an employer and faces liability under the FLSA, courts consider a number of factors "such as the person's job description, his or her financial interest in the enterprise, and whether or not the individual exercises control over the employment relationship." *Gionfriddo v. Jason Zink, LLC*, 769 F. Supp. 2d 880, 890 (D. Md. 2011). Here, plaintiff alleges that Howington was married to the owner of MH & WH and that Howington made out plaintiff's payroll checks and shorted plaintiff's pay. Plaintiff has adequately alleged an FLSA claim against Howington for purposes of this frivolity review. Plaintiff has not made any allegations against Stanley relating to her wages, and she therefore has not stated an FLSA claim against him.

C.   NCWHA

Similar to the FLSA, the NCWHA permits a non-exempt employee to assert a claim against his covered employer for, among other things, unpaid wages. *See* N.C. Gen. Stat. § 95-25.6 ("Every employer shall pay every employee all wages and tips accruing to the employee on the regular payday. Pay periods may be daily, weekly, bi-weekly, semi-monthly, or monthly.

Wages based upon bonuses, commissions, or other forms of calculation may be paid as infrequently as annually if prescribed in advance."). Here, plaintiff specifically alleges that the paychecks she received failed to compensate her for all hours worked. MH & WH are clearly covered employers and plaintiff a non-exempt employee under the NCWHA. Her claims under the NCWHA against MH & WH and Halle, which the court deems to be in the alternative to the FLSA claims, should therefore go forward.

Like the FLSA, the NCWHA permits claims to be asserted against individuals. Accordingly, plaintiff's claim against Howington under the NCWHA, again, deemed to be in the alternative, should also go forward. *Thompson v. Blessed Home Inc.*, 22 F. Supp. 3d 542, 550 (E.D.N.C. 2014) ("Under both the FLSA and NCWHA an individual can be an 'employer' and therefore be personally liable for wages and damages." (citing *Garcia v. Frog Island Seafood, Inc.*, 644 F. Supp. 2d 696, 720 (E.D.N.C. 2009))). There is no NCWHA claim against Stanley.

The court recognizes that certain claims otherwise assertable under the NCWHA are preempted by the FLSA, including minimum wage, overtime, and record-keeping claims. *Luna-Reyes v. RFI Constr., LLC,* No. 1:14cv235, 2015 WL 3463484, at *7 (M.D.N.C. 1 June 2015). Because payday claims, *see* N.C. Gen. Stat. § 95-25.6, are not so preempted, the court need not address the propriety of allowing plaintiff to assert NCWHA claims in the alternative at this time. *See Charlot v. Ecolab, Inc*., ___ F. Supp. 3d ___, 2015 WL 1439916, at *19-20 (E.D.N.Y. 27 12 Dec. 2014) (permitting alternative NCWHA claims to go forward on motion to amend complaint even though dismissal on preemption grounds recognized as possible later in the proceedings), *rep. & recommendation adopted by* 2015 WL 1439916, at *11 (27 Mar. 2015).

10
Case 5:14-cv-00896-FL   Document 4   Filed 07/07/15   Page 10 of 14

### D. Assault and Battery Claims

Plaintiff appears to allege claims for assault and battery against Stanley.[3] Under North Carolina law, "'[t]he elements of assault are intent, offer of injury, reasonable apprehension, apparent ability, and imminent threat of injury.'" *Wilkerson v. Duke Univ.*, __ N.C. App. __, 748 S.E.2d 154, 159 (2013) (quoting *Hawkins v. Hawkins*, 101 N.C. App. 529, 533, 400 S.E.2d 472, 475 (1991), *aff'd*, 331 N.C. 743, 417 S.E.2d 447 (1992)). A claim for battery accrues when the plaintiff's person "is offensively touched against his will[.]'" *Wilkerson*, 748 S.E.2d at 159 (quoting *Ormond v. Crampton*, 16 N.C. App. 88, 94, 191 S.E.2d 405, 410 (1972)). Plaintiff's allegations about Stanley yelling in her face and then throwing at and hitting her with a cylinder of sealer are sufficient to state a claim for assault and battery against Stanley for purposes of this frivolity review.

An employer may be held responsible for the intentional torts, such as assault and battery, of one of its employees under a theory of respondeat superior in three contexts: "(1) when the employee's act is expressly authorized by the employer; (2) when the employee's act is committed within the scope of his employment and in furtherance of the employer's business; or (3) when the employee's act is ratified by the employer." *Robinson v. Durham Pub. Sch. Bd. of Educ.*, No. 1:13CV652, 2014 WL 3894368, at *1 (M.D.N.C. 7 Aug. 2014). Plaintiff has

---

[3] The court considered whether plaintiff has asserted an intentional infliction of emotional distress ("IIED") claim under North Carolina law. To establish such a claim, a plaintiff must establish extreme and outrageous conduct that is intentional and causes severe emotional distress. *Waddle v. Sparks*, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992). Such claims are seldom applicable in an employment context are very limited, and the court finds that the instant allegations do not rise to the level to support such a claim against Stanley (or any other defendant). *See Kingsdown, Inc. v. Hinshaw*, No. 14 CVS1701, 2015 WL 1441826, at *7 (N.C. Super. 25 Mar. 2015) ("'[I]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to support a claim of intentional infliction of emotional distress.'" (quoting *Thomas v. Northern Telecom, Inc.*, 157 F. Supp. 2d 627, 635 (M.D.N.C. 2000))); *Moody–Williams v. Lipoxcience*, 953 F. Supp. 2d 677, 690 (E.D.N.C. 2012) ("In the context of one's employment particularly, North Carolina courts have been reluctant to find actionable intentional infliction of emotional distress claims."); *Bratcher v. Pharmaceutical Product Development, Inc.*, 545 F. Supp. 2d 533, 544 (E.D.N.C. 2008) ("In cases where North Carolina courts have found IIED claims actionable [in the employment context], the conduct has been extremely egregious, and involved sexual advances, obscene language, and inappropriate touching.").

arguably alleged that Stanley's conduct was within the scope of his employment and in furtherance of his employers' business objectives and that by investigating, lying about, and covering up the incident the employers ratified Stanley's conduct. The allegations in the complaint accordingly are sufficient to state a claim for assault and battery under a theory of respondeat superior against MH & WH and Halle for purposes of this frivolity review.

### E. 42 U.S.C. § 1983

To establish a claim under § 1983, a plaintiff must prove: (1) a right secured by the Constitution and laws of the United States was violated and (2) that the deprivation of the right was committed by a person acting under the color of state law. *Williams v. Studivent*, No. 1:09CV414, 2012 WL 1230833, at *4 (M.D.N.C. 12 Apr. 2012) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). To show that a defendant acted under the color of state law, "'[t]he person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615-16 (4th Cir. 2009) (quoting *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999)).

The only defendant allegedly acting under the color of state law is Holly Springs Police Department patrol sergeant Humphries. Plaintiff fails to state a § 1983 claim against him. According to her allegations, Humphries determined that no crime had been committed and advised plaintiff to contact the EEOC with her complaints instead. The decision of whether to charge and prosecute a crime is within the discretion of law enforcement, and plaintiff has not demonstrated any facts supporting a finding a violation of her constitutional rights resulting from the alleged inaction by Humphries. *See, e.g., Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."); *Breckenridge v.*

*Thompson,* 7:08-cv-00243, 2008 WL 899225, at *2 (W.D. Va. 1 Apr. 2008) ("[T]he fact that the defendant judges and court clerks did not issue warrants or otherwise institute a criminal prosecution based on those complaints did not violate any right [plaintiff] possessed. . . . The discretionary decision whether to bring and prosecute criminal charges rests with the appropriate judicial officers, not with any private party such as [plaintiff]."). The § 1983 claim is the only claim plaintiff plausibly asserts against Humphries. This case in its entirety should accordingly be dismissed as to Humphries.

**IV.    CONCLUSION**

For the foregoing reasons, IT IS RECOMMENDED that:

1. The following claims be DISMISSED:

    a.  any Title VII claims against Howington and Stanley;

    b.  any FLSA or NCWHA claims against Stanley; and

    c.  all claims against Humphries.

2. The case proceed on the following claims:

    a.  the Title VII claims against MH & WH and Halle;

    b.  the FLSA and NCWHA claims against MH & WH, Halle, and Howington; and

    c.  the assault and battery claims against Stanley, MH & WH, and Halle.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on plaintiff. You shall have until 21 July 2015 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the

Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

This 7th day of July 2015.

_____
James E. Gates
United States Magistrate Judge