IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-896-FL

| | | |
|---|---|---|
| MADAY LIMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| TERRY STANLEY; MH & WH, LLC; | ) | |
| HALLE BUILDING GROUP; WENDY A. | ) | |
| HOWINGTON; and A. HUMPHRIES, Holly | ) | |
| Springs Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the memorandum and recommendation ("M&R") of

Magistrate Judge James E. Gates, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b),

regarding frivolity review under 28 U.S.C. § 1915(e)(2)(B). No objections to the M&R have been

filed and the time to do so has passed. In this posture, the issues raised are ripe for ruling. For the

reasons that follow, the court adopts the recommendation of the magistrate judge.

## DISCUSSION

The district court reviews *de novo* those portions of a magistrate judge's M&R to which

specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the

court reviews only for "clear error," and need not give any explanation for adopting the M&R.

Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718

F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff filed a pro se complaint asserting claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., seeking equitable and other relief, including recovery of back pay, against Terry Stanley ("Stanley"); MH & WH, LLC ("MH & WH"); Halle Building Group ("Halle"); Wendy A. Howington ("Howington"); and A. Humphries, Holly Springs Police Department ("Humphries").[1]  Plaintiff suggests assertion of additional claims based upon Fair Labor Standards Act, 29 U.S.C. § 201 and North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1; assault; battery; and violation of constitutional rights under 42 U.S.C. § 1983 for failure to charge.

The M&R cogently sets forth the basis for dismissing certain claims and allowing others to proceed.  Therefore, upon careful review of the M&R and the record generally, the court adopts the M&R in full, with the claims dismissed and remaining noted in the conclusion of this order below.

There remains, however, an issue with the proposed summonses for issuance, which were submitted with plaintiff's complaint. Under Federal Rule of Civil Procedure 4, each proposed summons must "be directed to [a] defendant." Fed. R. Civ. P. 4(a)(1)(B).  However, plaintiff has provided only two summonses, one directed to Howington, and one directed to "Corporation Service Company," apparently suggesting service address of MH & WH and Halle.  Therefore, within 21 days of the date of this order, plaintiff must present to the clerk completed summonses for each of the four remaining defendants, Stanley, MH & WH, Halle, and Howington.  Pursuant to Federal

---

[1]  As noted in the M&R, it is not entirely clear which persons plaintiff intends to name as defendants. In the caption of the complaint form, she lists Stanley, MH & WH, Halle, and Humphries (Compl. Form 1), but in the text she also separately names Howington (Compl. Form 2; 3 ¶ 2). Her civil cover sheet identifies only MH & WH and Halle (DE 1-16) as defendants, whereas she submitted a proposed summons for Howington (DE 1-18), but none for Stanley or Humphries. For purposes of this order, the court assumes she intended to name all of the aforementioned individuals and entities as defendants.  The clerk therefore is DIRECTED to add Howington as a defendant in the caption of the case.

Rule of Civil Procedure 4(c)(3), upon receipt of amended proposed summonses, following clerk's signature and seal, the clerk is directed to ensure that service is made by a United States marshal or deputy marshal.

## CONCLUSION

Based on the foregoing, upon careful review of the M&R and the record generally, the court ADOPTS the M&R in full. The clerk is DIRECTED to add Wendy A. Howington as a defendant in the caption of the case, and the court has constructively amended the caption of this order to so reflect. The following claims are DISMISSED:

    a.    any Title VII claims against defendants Howington and Stanley;

    b.    any FLSA or NCWHA claims against defendant Stanley; and

    c.    all claims against defendant Humphries.

The case may PROCEED on the following claims:

    a.    the Title VII claims against MH & WH and Halle;

    b.    the FLSA and NCWHA claims against MH & WH, Halle, and Howington; and

    c.    the assault and battery claims against Stanley, MH & WH, and Halle.

With respect to proposed summonses, the court DIRECTS plaintiff to provide to the clerk, within **21 days** of the date of this order, completed amended summonses, in accordance with the requirements as forth herein. Pursuant to Rule 4(c)(3), upon receipt of such amended proposed summonses, following clerk's signature and seal, the court DIRECTS the clerk to coordinate service by a United States marshal or deputy marshal.

SO ORDERED, this the 11th day of August, 2015.

LOUISE W. FLANAGAN
United States District Judge