THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-896-FL

| | |
|---|---|
| MADAY LIMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| TERRY STANLEY, MH & WH, LLC, HALLE ) | |
| BUILDING GROUP, A. HUMPHRIES, and ) | |
| WENDY A. HOWINGTON, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Defendant Terry Stanley's ("Defendant" or "Stanley") motion to dismiss for lack of personal jurisdiction, insufficient service of process, and failure to make timely service [DE-49], Plaintiff's motion for discovery [DE-63], and Plaintiff's *ex parte* [DE-64] and sealed [DE-65] letters to the court. All responsive briefing is complete or the time for filing such briefing has expired, and the pending motions are ripe for adjudication. These motions were referred to the undersigned for an order or recommendation to the district court as appropriate. *See* 28 U.S.C. §§ 636(b)(1)(A), (B); Local Civil Rule 72.3(b), (c). For the reasons set forth below, it is recommended that Defendant's motion to dismiss [DE-49] be allowed, and it is ordered that Plaintiff's motion for discovery [DE-63] is denied.

## I. BACKGROUND

On December 22, 2014, the *pro se* Plaintiff filed an application to proceed *in forma pauperis* and a proposed complaint with exhibits. [DE-1]. Plaintiff alleged claims related to her employment while working in construction against various defendants, including two companies she worked for (MH & WH,

LLC and Halle Building Group), two employees thereof (Wendy Howington and Terry Stanley), and a police sergeant (A. Humphries). Her complaint was interpreted liberally to assert claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95–25.1 *et seq.*, assault, battery, and violation of Plaintiff's constitutional rights, pursuant to 42 U.S.C. § 1983, for failure to charge defendant Stanley. [DE-4] at 3-4. On July 7, 2016, Magistrate Judge Gates allowed the *in forma pauperis* application and recommended Plaintiff's case be allowed to proceed on the Title VII claims against MH & WH and Halle, the FLSA and NCWHA claims against MH & WH, Halle, and Howington, and the assault and battery claims against Stanley, MH & WH, and Halle. *Id.* at 6-13. On August 12, 2015, the court adopted the recommendation of the magistrate judge. [DE-7] at 2. The court also noted that Plaintiff failed to provide a summons for each defendant as required by Rule 4(a)(1)(B) of the Federal Rules of Civil Procedure and directed her to do so within 21 days. *Id.* at 2-3.

On September 9, 2015, having received no amended summonses from Plaintiff, the court issued an order directing Plaintiff to, on or before September 29, 2015, "show what cause, if any, exists for continued maintenance of the case on the court's active docket." [DE-8]. Plaintiff responded asking that her case be allowed to proceed, but still did not provide the summonses as previously directed. [DE-9]. The court allowed the case to proceed and gave Plaintiff until December 14, 2015 to provide the summonses with the admonition that a failure to do so may result in dismissal of her action for failure to effectuate service on Defendants pursuant to Rule 4(m). [DE-10]. Plaintiff received an extension of time to comply with the court's order, *see* Dec. 17, 2015 Text Order, and on December 31, 2015, Plaintiff filed proposed summonses [DE-13]. On January 21, 2016, the United States Marshals Service (the "U.S. Marshals") filed a process receipt and return for the summons and complaint for "Terry Stanley c/o

2

Corporation Service Company" at "327 Hillsborough Street," indicating "Heather Hughes, Registered Agent" had accepted service on January 15, 2016. [DE-19]. On January 29, 2016, the U.S. Marshals filed a second process receipt and return for the summons and complaint for "Terry Stanley c/o Wendy H. Howington" at "111 Devonbrook Lane," indicating service failed at the listed address but was completed at "1516 Rodessa Run," the new address of Wendy Howington, on January 15, 2016. [DE-21, -23]. After receiving extensions of time to respond to the complaint [DE-42, -48], Stanley filed the instant motion to dismiss on March 30, 2016 [DE-49]. The Rule 12 Letter issued to Plaintiff, providing that her response to the motion to dismiss was due by April 25, 2016. [DE-51]. On May 5, 2016, Plaintiff filed a response to the motion [DE-58], and on May 10, 2016, the court stayed entry of the case management order pending resolution of the motion to dismiss, *see* May 10, 2016 Text Order. On May 11, 2016, Stanley filed a reply [DE-61], and on May 31, 2016, Plaintiff filed a sur-reply [DE-62]. On July 25, 2016, Plaintiff filed a motion for discovery [DE-63], and on August 31, 2016, Plaintiff filed an *ex parte* letter [DE-64] and sealed letter regarding witnesses [DE-65].

## II. DISCUSSION

### A.    Defendant Stanley's Motion to Dismiss [DE-49]

Defendant Stanley contends that he was not properly served within the period allowed and, as a result, the court lacks personal jurisdiction over him and the claims against him should be dismissed. Def.'s Mem. [DE-50] at 8-21. Plaintiff, in letter form, responded that she can prove the allegations of her complaint, provided move than 400 pages of supporting documents,[1] and requested that her case be

---

[1] The supporting documents filed by Plaintiff appear related to the charge of discrimination she filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). [DE-58-1, -58-2].

allowed to proceed, but did not address the service issues raised by Stanley in the motion to dismiss.[2] [DE-58]. In reply, Stanley suggested that Plaintiff's May 5, 2016 filing was not responsive to the motion to dismiss. [DE-61] at 2 ¶ 7. On May 31, 2016, Plaintiff filed a letter, docketed as a sur-reply, addressing her wage and hour claims, stating that Stanley "is being accused of discrimination by the EEOC by myself [sic]," and asserting that she was retaliated against for filing the EEOC complaint. [DE-62]. The letter was accompanied by pay stubs and a list of witnesses. [DE-62-1, -62-2].

"Failure to properly serve a defendant prevents a court from obtaining personal jurisdiction over the defendant and entitles the defendant to dismissal under Rule 12(b)(2)." *Fordham v. Doe*, No. 4:11-CV-32-D, 2011 WL 5024352, at *3 (E.D.N.C. Oct. 20, 2011) (unpublished) (citations omitted). Moreover, a defendant is entitled to dismissal under Rule 12(b)(5) where service is deficient, and the "plaintiff must establish that service was adequate when a defendant seeks dismissal pursuant to Rule 12(b)(5)." *Id.* (citation omitted). The court has previously acknowledged that "'[w]hen the process gives the defendant actual notice of the pendency of the action, the rules . . . are entitled to a liberal construction' and 'every technical violation of the rule or failure of strict compliance may not invalidate the service of process.'" *Collins v. First Fin. Servs., Inc.*, No. 7:14-CV-288-FL, 2015 WL 6449304, at *2 (E.D.N.C. Oct. 23, 2015) (unpublished) (quoting *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). "Nevertheless, 'the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.'" *Id.* (quoting *Armco, Inc.*, 733 F.2d at 1089). Under the version of Rule 4(m) in effect at the time this action was filed, "[i]f a defendant is not served within

---

[2] Although not entirely clear, Plaintiff's filing appears more responsive to the answer filed by the other Defendants than to Stanley's motion to dismiss. *Compare* Pl.'s Resp. [DE-58] at 2-3 ¶¶ 1-11 (addressing various subjects, including her wage and hour claims, the number of employees Plaintiff worked with, Stanley's employer, and whether Plaintiff's employment was terminated), *with* Answer [DE-43] at 1-3 ¶¶ 1-13 & Motion for a More Definite Statement (responding to the allegations of Plaintiff's complaint and seeking a more definite statement regarding Plaintiff's FLSA and NCWHA claims).

4

120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." For good cause shown by the plaintiff, the court must extend the time for service. Fed. R. Civ. P. 4(m). Additionally, "Rule 4(m) vests in the court the power to extend time on its own, even where the plaintiff cannot show good cause." *Lee v. City of Fayetteville*, No. 5:15-CV-638-FL, 2016 WL 1266597, at *4 (E.D.N.C. Mar. 30, 2016) (unpublished).

Under the Federal Rules, an individual may be served by

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Under North Carolina law, an individual may be served "[b]y delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein" or by delivering the same to "an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute." N.C. Gen. Stat. § 1A-1, N.C. R. Civ. P. 4(j)(1)a, b; *see also Patten v. N.C. Dep't of Pub. Safety*, No. 5:15-CT-3118-FL, 2016 WL 1595382, at *3 (E.D.N.C. Apr. 20, 2016) (unpublished) (outlining the service requirements for an individual). Because Plaintiff is proceeding *in forma pauperis*, she may rely on the U.S. Marshals to serve the summons and complaint. *See Johnson v. Fields*, No. 2:14-CV-38-FDW,

5

2016 WL 3850167, at *3 (W.D.N.C. July 13, 2016) (unpublished) ("Plaintiffs who are proceeding in forma pauperis must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915.") (citing 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3)). Importantly, however, the Plaintiff must provide the correct service information, including the defendant's address, for the U.S. Marshals to effect service. *See Scott v. Md. State Dep't of Labor*, No. 15-1617, 2016 WL 7378091, at *4 (4th Cir. Dec. 20, 2016) (unpublished) (per curiam) (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) ("[I]t [is the plaintiff's] responsibility to provide proper addresses for service . . . .")).

Here, it is uncontested that neither Stanley, nor anyone authorized to accept service on his behalf, has been served with the summons and complaint in this matter. Plaintiff provided the court with two summonses for Stanley: one reflecting the names "Terry Stanley" and "Corporation Service Company" at "327 Hillsborough Street," and another reflecting the names "Terry Stanley" and "Howington, Wendy H" at "111 Devonbrook Lane." [DE-13] at 2-3. The U.S. Marshals personally delivered a copy of the first summons for "Terry Stanley c/o Corporation Service Company" to "327 Hillsborough Street," the address provided by Plaintiff, and indicated that "Heather Hughes, Registered Agent" had accepted service on January 15, 2016. [DE-19]. On the same date, the U.S. Marshals personally delivered to Wendy Howington a copy of the second summons for "Terry Stanley c/o Wendy H. Howington" at "1516 Rodessa Run," after determining that Howington no longer resided at the "111 Devonbrook Lane" address provided by Plaintiff. [DE-21, -23]. Stanley was not personally served with either summons. *See* Stanley Decl. ¶ 2. Corporation Service Company, Heather Hughes, and Wendy Howington are not Stanley's agents authorized to accept service of process on his behalf. *Id.* ¶ 4. Stanley maintains no residence or place of business at 327 Hillsborough Street, 1516 Rodessa Run, or 111 Devonbrook Lane. *Id.* ¶ 3. Thus, Stanley

6

has not been served as required by Rule 4, and Stanley's actual notice of this case is insufficient where there has been a total failure to effect service. *See Scott*, 2016 WL 7378091, at *4 ("Actual notice does not equate to sufficient service of process, even under the liberal construction of the rules applicable to a *pro se* plaintiff.").

Under Rule 4(m), the period for service expired on December 10, 2015—120 days after the court allowed Plaintiff's claims to proceed. [DE-7]; *see Scott*, 2016 WL 7378091, at *3 ("[T]he service period of Fed. R. Civ. P. 4(m) is tolled while the district court considers an *in forma pauperis* complaint.") (citation omitted). The court allowed Plaintiff additional time, ultimately until December 31, 2015, to provide summonses, implicitly extending the deadline for service. Dec. 17, 2015 Text Order. Yet, as explained above, Stanley was never properly served. Rule 4(m) provides that for good cause shown by the plaintiff, the court must extend the time for service. Factors courts consider in the good cause inquiry include whether "1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is *pro se* or *in forma pauperis*, 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A)." *Scott*, 2016 WL 7378091, at *5 (citations omitted).

Plaintiff has not sought any further extension of time to effect service on Stanley. The delay in service was caused by Plaintiff's repeated failure to provide summonses and, ultimately, her failure to provide an appropriate service address for Stanley. The court, taking into account Plaintiff's *pro se* status, allowed Plaintiff additional time on three occasions to provide summonses in compliance with Rule 4 in order to effect service. [DE-7, -10]; Dec. 17, 2015 Text Order. However, as explained above, the summonses Plaintiff provided for Stanley lacked accurate address information for the U.S. Marshals to effect service on Stanley. There is no evidence that Stanley was evasive or that Plaintiff made any efforts,

7

even after the filing of Stanley's motion to dismiss, to remedy the deficiency by providing a good service address for Stanley. Although Plaintiff proceeds *pro se* and *in forma pauperis*, such status alone is not determinative where the other factors weigh heavily against further extending the service deadline in a case now two years old. *See Scott*, 2016 WL 7378091, at *5 (finding *pro se* status is not the only relevant factor a district court should consider in determining whether good cause exists to extend the service deadline under Rule 4(m)). Likewise, although a court may extend the time for service even absent good cause, *see Lee*, 2016 WL 1266597, at *4, on the facts presented here such an extension is unwarranted. Accordingly, where Plaintiff has failed to effect service on Stanley, the time within which to do so has expired, and the court lacks personal jurisdiction over him as a result of the failure of service, it is recommended that the claims against Stanley be dismissed.

**B.     Plaintiff's Motion for Discovery [DE-63], *Ex Parte* Letter [DE-64], and Sealed Letter [DE-65]**

Plaintiff, in a letter to the court, requests the court's assistance in obtaining medical records from certain healthcare providers and for the court to review those records, which she contends will support her claims in this case. [DE-63]. Additionally, in a sealed letter to the court, Plaintiff requests that three potential witnesses "be summoned" so that she can question them and advise them of the evidence she will present. [DE-65]. The court cannot conduct discovery for Plaintiff. Plaintiff is directed to the Federal Rules of Civil Procedure 26 through 37 and 45 regarding discovery procedures. Further, the court stayed entry of the case management order, which addresses case scheduling activities including a period of discovery, pending ruling on the instant motion to dismiss. May 10, 2016 Text Order. After a case management order is entered and the time to conduct discovery has expired, the parties will be afforded an opportunity to file motions for summary judgment, accompanied by evidence in support of their claims, for the court's consideration. *See* Fed. R. Civ. P. 56. Accordingly, the motion for discovery [DE-63] is

8

denied.

In an *ex parte* letter to the court, Plaintiff requests that all documents she has submitted be "kept in a security box so the defendants cannot have access to them." [DE-64]. Documents Plaintiff submits to the court cannot be placed in any type of "security box" and must be filed in the case. All filings, including *ex parte* filings, are publicly available in most instances unless they are sealed by the court. *See* Local Civil Rule 79.2; CM/ECF Policy Manual § T(1)(a), (b). Plaintiff has made no showing as to why Defendants should not have access to the documents she has filed with the court. Accordingly, Plaintiff's request is denied.

### III. CONCLUSION

For the reasons stated above, it is RECOMMENDED that Defendant's motion to dismiss [DE-49] be allowed, and it is ORDERED that Plaintiff's motion for discovery [DE-63] is denied.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **January 17, 2017** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b). Any response to objections shall be filed by within **14 days** of the filing of the objections.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and**

Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Submitted, the 3rd day of January 2017.

Robert B. Jones, Jr.
United States Magistrate Judge