IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-896-FL

| | |
|---|---|
| MADAY LIMA, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| TERRY STANLEY; MH & WH, LLC; HALLE BUILDING GROUP; and WENDY A. HOWINGTON, | ) |
| Defendants. | ) |

This matter is before the court on motion to dismiss for insufficient service of process, lack of personal jurisdiction, and failure to make timely service, by defendant Terry Stanley ("Stanley") (DE 49). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R") (DE 70), wherein it is recommended that the court grant the motion. Plaintiff filed objections to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the recommendation of the M&R, and grants the motion.

**BACKGROUND**

On December 22, 2014, plaintiff filed an application to proceed in forma pauperis and a proposed complaint with exhibits, alleging claims related to her employment against various defendants, including two companies she had worked for (defendant MH & WH, LLC and defendant Halle Building Group), two employees thereof (defendant Wendy Howington and defendant

Stanley), and a police sergeant (former defendant A. Humphries). The court upon frivolity review construed the complaint to assert claims including under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 et seq.; assault; and battery. On July 7, 2015, Magistrate Judge Gates allowed the in forma pauperis application and recommended Plaintiffs case be allowed to proceed on the Title VII claims against MH & WH and Halle, the FLSA and NCWHA claims against MH & WH, Halle, and Howington, and, as pertinent here, the assault and battery claims against Stanley, MH & WH, and Halle.

On November 24, 2015, after plaintiff responded to an order to show cause for continued maintenance of the case on the court's docket, the court directed plaintiff to provide correct summonses for each of the defendants remaining in the case. Following an extension of time, plaintiff filed proposed summonses on January 4, 2016. Pursuant to Federal Rule of Civil Procedure 4(c)(3), the U.S. Marshals served the summonses, and filed process receipts and returns for the summons (DE 19, 21, 23), on January 21, 2016, and January 29, 2016. Defendant Stanley filed the instant motion to dismiss on March 30, 2016, and plaintiff filed documents on May 5, 2016, and May 31, 2016, that were not responsive to the issues raised.

The M&R recommends granting the motion on the basis that plaintiff's summonses did not provide a correct address for service on defendant Stanley, and neither defendant neither Stanley, nor anyone authorized to accept service on his behalf, has been served. Plaintiff has filed general objections that pertain to the merits of the case.

2

**DISCUSSION**

A.      Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.      Analysis

Plaintiff raises only general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendation. Upon careful review of the record and the M&R, finding no clear error, the court adopts the M&R.

Under Federal Rule of Civil Procedure 4, each proposed summons must "be directed to [a] defendant." Fed. R. Civ. P. 4(a)(1)(B). While a plaintiff proceeding in forma pauperis must rely upon the U.S. Marshals to effect service of process under Rule 4(c)(3), the requirement remains that plaintiff must provide correct service information, including each defendant's address, for the U.S. Marshals to effect service. See Fed. R. Civ. P. 4(a)(1)(B), 4(c), & 4(e); see also Scott v. Maryland State Dep't of Labor, ___ Fed. App'x ___, 2016 WL 7378091, *4 (4th Cir. 2016) (noting that while in forma pauperis plaintiffs should not be penalized for a marshal's failure to obtain proper service,

"[i]t is the plaintiff's responsibility to provide proper addresses for service") (quoting <u>Lee v. Armontrout</u>, 991 F.2d 487, 489 (8th Cir. 1993)).

Where defendant Stanley was not properly served within the time period allowed under Rule 4(m), and the court's November 24, 2015, and December 17, 2015, orders, plaintiff's claims against defendant Stanley must be dismissed for lack of personal jurisdiction, and for insufficient service of process. Furthermore, under circumstances of this case, good cause has not been shown for extension of time to serve defendant Stanley.

## CONCLUSION

Based on the foregoing, adopting the recommendation in the M&R, defendant Stanley's motion to dismiss (DE 49) is GRANTED. Plaintiff's claims against defendant Stanley are DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction and for insufficient service of process, pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(5). The stay on case scheduling activities imposed May 10, 2016, is LIFTED, and the remaining parties are DIRECTED to file a joint notice, within **14 days** of the date of this order noting whether the parties wish to proceed on the basis of joint report and plan submitted May 5, 2016 (with updated deadlines), or specifying any proposed changes to the joint report and plan as may be warranted.

SO ORDERED, this the 9th day of February, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge