IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-896-FL

| | | |
|---|---|---|
| MADAY LIMA, | ) | |
|       Plaintiff, | ) | |
| v. | ) | ORDER |
| MH & WH, LLC; HALLE BUILDING GROUP; WENDY A. HOWINGTON; and MICHAEL J. HOWINGTON | ) | |
|       Defendants. | ) | |

This matter is before the court on plaintiff's motion for reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), (DE 161), of part of the court's March 8, 2019, order regarding the parties' summary judgment motions. Defendants jointly responded in opposition, and plaintiff replied. In this posture the issues raised are ripe for ruling. For the following reasons, plaintiff's motion is denied.[1]

## BACKGROUND

A detailed background of this case is set forth in the court's March 8, 2019, order. As pertinent herein, in that order, the court allowed multiple claims to proceed to trial, comprising the following:

1) Fair Labor Standards Act (FLSA) claim for failure to pay proper overtime wages, in violation of 29 U.S.C. § 207, against all defendants (Count One).

---

[1] Also pending before the court is plaintiff's consent motion for leave to file second amended complaint (DE 172), which will be addressed by separate order.

2)       North Carolina Wage and Hour Act (NCWHA) claim for failure to pay all owned, earned, and promised wages, in violation of N.C. Gen. Stat. § 95-25.6, against all defendants, except for a portion of the claim, which is the subject of the instant motion, wherein plaintiff seeks overtime pay (Count Two).

3)       Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII) claim for sex discrimination, hostile work environment, constructive discharge, and retaliation, against defendants MH & WH, LLC, and Halle Building Group ("HBG") (Count Three).

4)       Assault, battery, and intentional infliction of emotional distress claims based upon vicarious liability against defendants MH & WH, LLC, and HBG for actions of former defendant Stanley (Counts Four, Five, and Six).

5)       Negligent supervision against defendants MH & WH, LLC, and HBG (Count Seven).

The court granted summary judgment in part in favor of defendants MH & WH, LLC, and HBG, on only that portion of the claim brought by plaintiff under the NCWHA seeking overtime pay, and on one other portion of plaintiff's claims for damages not at issue herein.[2]

In the instant motion, plaintiff seeks reconsideration of the court's partial grant of summary judgment on that portion of the claim brought by plaintiff under the NCWHA seeking overtime pay.

---

[2] In particular, the court dismissed in part plaintiff's claims for damages for loss of physical control, post traumatic stress disorder, paralysis, continuing physical pain, and significant medical expenses, for her Title VII and common law claims. The court also granted summary judgment <u>in favor of plaintiff</u> on those parts of her FLSA and NCWHA claims raising the issue of whether defendants HBG and MH & WH were joint employers for purposes of FLSA and NCWHA liability.

## COURT'S DISCUSSION

A.  Standard of Review

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment no later than 28 days after its entry. "[T]here are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

B.  Analysis

As noted above, in its March 8, 2019, order, the court allowed plaintiff to proceed with her NCWHA "payday" claim for failure to pay all owned, earned, and promised wages, in violation of N.C. Gen. Stat. § 95-25.6, except for a portion of the claim subject of the instant motion. In particular, the court dismissed that portion of plaintiff's NCWHA claim in which plaintiff seeks overtime pay, on the basis that it is "exempted" based upon another provision of the NCWHA, N.C. Gen. Stat. § 95-25.14(a). (Order (DE 160) at 30).

Plaintiff argues that this court's determination was incorrect in light of Anderson v. Sara Lee Corp., 508 F.3d 181, 191 (4th Cir. 2007), and a "plethora of authority finding that payday claims for all unpaid wages are not preempted by the FLSA." (Pl's Mot. (DE 161) at 8). Plaintiff's argument fails, in multiple respects, to establish a clear error of law or manifest injustice.

As an initial matter, the court's determination on summary judgment to dismiss part of plaintiff's NCWHA claim was not based upon preemption by the FLSA. It was based, rather, upon the statutory exemption in the NCWHA, § 95-25.14(a), and the court's interpretation of the plain language of the NCWHA. (See Order (DE 160) at 27-30). Plaintiff does not cite any binding

authority interpreting the statutory exemption in the NCWHA, § 95-25.14(a). Where the court's holding turns on an unsettled question of interpretation of North Carolina law, on this basis alone, plaintiff fails to meet the standard for reconsideration under Rule 59(e).

Second, Anderson is inapposite. In Anderson, the United States Court of Appeals for the Fourth Circuit held that state law claims for contract, negligence, and fraud were "preempted by the FLSA." Anderson, 508 F.3d at 195. Plaintiff cites Anderson for the proposition, stated in dicta, that the FLSA "expressly allows states to provide workers with more beneficial minimum wages and maximum workweeks than those mandated by the FLSA itself," including "more stringent overtime provisions than the FLSA." Id. at 193. But, Anderson does not address the NCWHA overtime exemption, much less the interaction between the NCWHA overtime exemption under § 95-25.14(a) and a "payday" claim under N.C. Gen. Stat. § 95-25.6. See id.

As noted in the court's March 8, 2019, order, § 95-25.14(a) expressly exempts overtime claims for plaintiffs employed by employers covered under the FLSA. (Order (DE 160) at 27-30). The court's analysis turned on the interaction between that exemption and the language of the statute permitting "payday" claims under N.C. Gen. Stat. § 95-25.6. (Id.). Notably, Anderson does not even mention the NCWHA, much less § 95-25.14(a) and § 95-25.6. See 508 F.3d at 182-195.

Third, the "plethora of authority" cited by plaintiff is inconclusive on the issue addressed by the court in dismissing the overtime part of plaintiff's NCWHA claim. Plaintiff cites, for example, Martinez-Hernandez v. Butterball, LLC, 578 F. Supp. 2d 816, 818 (E.D.N.C. 2008). There, the court held that "[b]ecause the first and third claims [for failure to pay wages when due at their regular hourly rate and at one and one-half their regular hourly rate] are separate and distinct from plaintiffs' FLSA claims, they invoke neither the minimum wage nor the overtime provisions of the

4

Case 5:14-cv-00896-FL   Document 173   Filed 05/30/19   Page 4 of 6

FLSA. As such, they are not preempted by the FLSA." Id. at 820 (emphasis added). This holding, which is based upon the FLSA preemption analysis in Anderson, does not address the NCWHA exemption in § 95-25.14(a), and the court undertook no analysis of the interaction between the "payday" provision in § 95-25.6 and the overtime exemption in § 95-25.14(a). See id.[3]

Finally, two other district courts since Martinez-Hernandez that have addressed the NCWHA statutory interpretation question in detail, like this court in its March 8, 2019, summary judgment order, have held that "payday" claims seeking overtime pay are exempted under the NCWHA. As noted in the March 8, 2019, order, the court in DeHoll v. Eckerd Corp., No. 1:18CV280, 2018 WL 5624150, at *5 (M.D.N.C. Oct. 30, 2018), held that "allowing Plaintiffs to recover unpaid overtime under the payday statute would be wholly incompatible with the exemption provision."[4] Similarly, the court in Rindfleisch v. Gentiva Health Servs., Inc., No. 1:10-CV-03288-SCJ, 2013 WL 12106934, at *3–4 (N.D. Ga. Jan. 16, 2013), following detailed discussion of North Carolina case law and statutory provisions, held that "allowing Plaintiffs to recover overtime wages under the NCWHA simply because they seek said wages under the payday statute as opposed to the overtime statute would be wholly incompatible with the NCWHA's exemption provision." Id. at * 4 (internal quotations omitted).

---

[3] Plaintiff also cites to this court's recent order in Prescott v. MorGreen Solar Sols., LLC, No. 5:17-CV-365-FL, 2019 WL 1428687, at *9 (E.D.N.C. Mar. 29, 2019), where the court quoted the statutory text of the NCWHA, N.C. Gen. Stat. § 95-25.22. That statutory text, however, is inconclusive on the issue presented in the instant case. Indeed, it sets forth separately damages "in the amount of [a plaintiff's] unpaid minimum wages, their unpaid overtime compensation, or their unpaid amounts due under G.S. 95-25.6 through 95-25.12, as the case may be." N.C. Gen. Stat. § 95-25.22 (emphasis added).

[4] Plaintiff seeks to distinguish DeHoll on the basis that the court there held that the plaintiff had failed to plead with specificity a claim for "accrued wages that should have been paid to him." 2018 WL 5624150 at * 5. In the instant case, however, plaintiff cites to her own pleading of her "payday" claim, which merely tracks the statutory language: "[I]t is unlawful for an employer to 'suffer or permit' an employee to work without paying all owed, earned, and promised wages, on the employee's regular payday." (Pl's Mot. (DE 161) at 7 (quoting Am. Compl. ¶ 72)).

5

In sum, plaintiff fails to establish a clear error of law or manifest injustice in dismissing part of plaintiff's NCWHA claim. Therefore, plaintiff's motion for reconsideration must be denied.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for reconsideration (DE 161) is DENIED.

SO ORDERED, this the 30th day of May, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge